UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

Eastern District of Kentucky
F I L E D
OCT 2 6 2005
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 04-637-GWU

THOMAS ELLIOTT,                      PLAINTIFF,

VS:             MEMORANDUM OPINION

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,        DEFENDANT,

## INTRODUCTION

Thomas Elliott brought this action to obtain judicial review of an unfavorable administrative decision on his applications for Disability Insurance Benefits and for Supplemental Security Income. The case is before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has established the following test for judicial analysis of benefit denial cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 416.921.

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of

1

impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix I (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform his kind of past relevant work? If yes, the claimant is not disabled. If no, proceed to step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(I).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1985).

In applying this analysis, it must be remembered that the principles applicable to judicial review of administrative agency action apply. Judicial review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence and in deciding whether the Commissioner employed the proper criteria in reaching his conclusion; the findings as to any fact, if supported by substantial evidence, shall be conclusive. Id. This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion"; it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Id.

One of the factors in the administrative record may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Houston v. Secretary of Health

2

and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).

Additional information regarding the specific steps of the seven-part Garner test cited earlier is also valuable.

In step three of the analysis, the issue is whether the plaintiff has a "severe impairment," defined by the regulations to mean one which significantly limits one's ability to perform basic work activities, which is in turn defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. 404.1521, 416.921. The Sixth Circuit has definitely cautioned against overly-restrictive interpretation of this term. Farris v. Secretary of Health and Human Services, 773 F.2d 85 (6th Cir. 1985). The burden is upon the plaintiff, however, to provide evidence complete and detailed enough to enable the Commissioner to determine that there is such a "severe impairment," Landsaw v. Secretary of Health and Human Services, 803 F.2d 211 (6th Cir. 1986).

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that she or he is unable to return to this work. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways that the Commissioner may meet his burden is through

3

the use of the medical-vocational guidelines.

However, the medical vocational guidelines themselves may not even be fully applicable if a non-exertional impairment is involved. When this happens, the Commissioner may use the rules as a framework for decision-making. 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e). It may often be required for the agency to consult a vocational specialist in such cases. Damron v. Secretary, 778 F.2d 279 (6th Cir. 1985). Nonetheless, the finding by the Commissioner that a non-exertional impairment does not significantly affect the level of work that a claimant can do must be tantamount to a finding that this additional impairment is non-severe. Wages v. Secretary of Health and Human Services, 755 F.2d 495 (6th Cir. 1985).

One of the residual functional levels used in the guidelines, called "medium" level work, involves lifting no more than fifty pounds at a time with frequent lifting or carrying of objections weighing up to twenty-five pounds; a person capable of this level of exertion is also deemed capable of performing at lesser levels of "light" and "sedentary." 20 C.F.R. 404.1567(c), 416.967(c). "Light" level work, involves the lifting of no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is in this category when it involves a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of work activity, must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b), 416.967(b). A "sedentary" level job encompasses the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a). The guidelines make it clear that disabilities such as postural restrictions or the

lack of bilateral manual dexterity compromise a person's ability to do a full range of this type of work; they also indicate that a finding of disabled is not precluded when the person is not able to do a full range of sedentary work, even if that person is a "younger individual." 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e), 201.00(h).

Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a hypothetical question, but only "if the question accurately portrays (plaintiff's) individual physical and mental impairments." Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Elliott, a 44 year-old former supervisor and laborer with a high school equivalent education, suffered from impairments related to discogenic and degenerative disorders of the spine. (Tr. 15, 20). While the plaintiff was found to be unable to return to his past relevant work, the ALJ determined that he retained the residual functional capacity to perform a restricted range of light level work. (Tr. 23-24). Based upon application of Rule 202.21, the claimant would not be considered totally disabled. (Tr. 24).

After review of the evidence presented, the undersigned concludes that the administrative decision is not supported by substantial evidence. However, the current record also does not mandate an immediate award of Social Security Benefits. Therefore, the Court must grant the plaintiff's summary judgment motion, in so far as it seeks a remand of the action for further consideration, and deny that of the defendant.

The ALJ erred in evaluating Elliott's physical condition. Dr. John Gilbert

5

(Tr. 165-168)[1] and Dr. David Delapena (Tr. 170-173) treated the plaintiff and identified the extremely severe physical limitations. The ALJ rejected these opinions as binding because he did not believe they were well-supported by objective medical data. (Tr. 21). However, even if this action were appropriate, no other treating or examining source of record, including Dr. Phillip Tibbs (Tr. 110-117), the staff at University of Kentucky Medical Center (Tr. 174-175), and Dr. William Daniel (Tr. 176-177) specifically contradicted these physicians. Dr. Parandhamulu Saranga reviewed the record in June of 2003 and reported the existence of fewer severe physical restrictions than those identified by Dr. Gilbert and Dr. Delapena.[2] (Tr. 125-135). An ALJ may rely upon the opinion of a non-examiner over that of an examining source when the non-examiner clearly states the reasons for his differing opinion. Barker v. Shalala, 40 F.3d 789, 794 (6th Cir. 1994). However, Dr. Saranga did not have the opportunity to see and comment upon the opinions of Dr. Gilbert and Dr. Delapena because these opinions were dated from February and April of 2004, well after Dr. Saranga saw the record in June of 2003. The ALJ should at least have sought the advice of a medical advisor who had seen the entire record and commented upon it. Therefore, a remand of the action for further consideration is required.

Even if the ALJ could have properly relied upon Dr. Saranga's opinion, the administrative decision would still not be supported by substantial evidence. Dr.

---

[1] Curiously, the plaintiff did not submit any actual treatment notes from Dr. Gilbert into evidence until the case was before the Appeals Council. (Tr. 196-197). Upon remand, the claimant would be wise to make sure that all pertinent records are before the ALJ.

[2] The Court notes that Exhibit 7F consists of a unsigned and undated Physical Residual Functional Capacity Assessment Form. (Tr. 156-163). Since the Court is unable to ascertain whether this is the opinion of an "acceptable medical source," it is entitled to no weight.

Saranga identified a number of non-exertional restrictions, including an inability to more than occasionally stoop, crawl and climb ladders, ropes or scaffolds and a need to avoid concentrated exposure to vibration. (Tr. 126, 129). Despite these non-exertional restrictions, the ALJ chose not to call for vocational expert testimony but to rely upon the Medical-Vocational Guidelines. The defendant cites Social Security Rulings 83-14 and 85-15 as supporting a finding that these restrictions would have only a small effect on the light level job base. However, while these Rulings do indicate that each of these limitations standing alone would have little effect, neither considers the combined effect of a number of these restrictions which, when combined, could significantly erode the job base. Social Security Ruling 85-15 does suggest that limitations in addition to climbing would need to be considered by a vocational expert. Therefore, the ALJ's reliance upon the Medical-Vocational Guidelines was misplaced.

The ALJ also erred in finding that Elliott did not suffer from a "severe" mental impairment. Psychologist Reba Moore examined the plaintiff and diagnosed a depressive disorder and borderline intelligence. (Tr. 124). The claimant's Global Assessment of Functioning (GAF) was rated at 60. (Tr. 124). Such a GAF suggests the existence of "moderate" psychological symptoms according to the American Psychiatric Association's Diagnostic Statistical Manual for Mental Disorders (4th Ed.-Revised, 1994). Moore specifically noted a compromised ability to tolerate pressure. (Tr. 124). Psychologist Larry Freudenberger, a non-examining medical reviewer, opined that Elliott would be "moderately limited" in the ability to understand, remember and carry out detailed instructions. (Tr. 151). Therefore, substantial evidence also does not support this portion of the administrative decision.

The undersigned concludes that the administrative decision must be

7

reversed and the action remanded to the Commissioner for further consideration. Therefore, the Court must grant the plaintiff's summary judgment in so far as such relief is achieved and deny that of defendant. A separate judgment and order will be entered simultaneously consistent with this decision.

This the 26 day of October, 2005.

G. WIX UNTHANK
SENIOR JUDGE